JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
IN THE MATTER OF THE COMPLAINT OF GLF ISLAMORADA, INC. AS OWNER OF A 22 FOOT 2006 ANGLER VESSEL, BEARING

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: **Monroe County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard McAlpin & Kassandra C. Doyle
80 Southwest 8th Street, Suite 2805, Miami, Florida 33130 (305) 810-5400

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☒ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☒ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee – Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed (See VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment  ☐ 8 Remanded from Appellate Court

### VI. RELATED/RE-FILED CASE(S)
*(See instructions):*
a) Re-filed Case ☐YES ☒NO    b) Related Cases ☐YES ☒NO
JUDGE                                     DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE: March 12, 2015          SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        IFP        JUDGE        MAG JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO. _____

IN THE MATTER OF THE COMPLAINT OF GLF ISLAMORADA, INC. AS OWNER OF A 22-FOOT 2006 ANGLER VESSEL, BEARING HULL IDENTIFICATION NO. ANGT0267A606, FOR EXONERATION FROM OR LIMITATION OF LIABILITY.

_____/

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:

Petitioner, GLF ISLAMORADA, INC. ("Petitioner" or "GLF ISLAMORADA"), as the owner of a 22-foot 2006 Angler vessel, bearing Hull Identification Number ANGT0267A606, by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Supplemental Rule F, and Local Admiralty Rule 7.01(a), petitions this Court for Exoneration from, or Limitation of Liability for, all claims arising out of an incident that occurred on or about November 1, 2014, on the navigable waters of the United States near Islamorada, Florida, and as grounds therefore alleges:

1.  This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. §1333 and U.S. Const. art. III, §2.

2.  This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. §30501 *et seq.* and Supplemental Rule F governing Limitation of Liability actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§1331, 1333, and 46 U.S.C. §30501 *et seq.*

4. At all times material hereto, the Vessel is and has been located within the territorial limits of the United States District Court for the Southern District of Florida. Therefore, venue is proper in this District pursuant to Supplemental Rule F(9).

5. At all times material hereto, GLF ISLAMORADA was incorporated in Florida with its principal place of business in Islamorada, Florida.

6. At all material times hereto, GLF ISLAMORADA was the owner of the 22-foot 2006 Angler self-propelled fiberglass gasoline-powered vessel, bearing Hull Identification Number ANGT0267A606 (the "Vessel").

7. At all times material hereto, the Vessel was available for rental on the navigable waters near Islamorada, Florida.

8. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters near Islamorada, Florida on or about November 1, 2014, while the Vessel was engaged in maritime activity.

9. At all times material hereto, the foregoing Vessel was in all respects seaworthy and suitable for use on the navigable waters of the United States.

10. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

11. To Petitioner's knowledge, the Vessel has not been attached or arrested *in rem* in any civil proceeding.

12. On or about November 1, 2014, Petitioner rented the Vessel to Jeffrey Stewart.

13. On or about November 1, 2014, pursuant to a boat rental agreement, Jeffrey Stewart rented the Vessel from the Petitioner. Upon information and belief, the occupants of the vessel on that day were Jeffrey Stewart (the vessel renter) and Matthew Milton. The above-referenced occupants were operating the vessel in the navigable waters off the coast of Islamorada, Florida. Jeffrey Stewart claims that he and Matthew Milton were SCUBA diving and became separated from the Vessel during the rental period.

14. Jeffrey Stewart was located in the navigable waters near Islamorada, Florida on or about November 1, 2014 after becoming separated from the Vessel.

15. On information and belief, Matthew Milton has not been found to date.

16. On or about November 4, 2014, the Vessel was discovered washed up on the beach just north of Hillsborough Beach, Florida.

17. On or about November 5, 2014, the Vessel was recovered by or on behalf of GLF ISLAMORADA and returned to Islamorada, Florida.

18. The Vessel suffered property damage between the time when it was rented by Jeffrey Stewart and the time when it was recovered by Petitioner.

19. On or about November 14, 2014, GLF ISLAMORADA received written notice of claims from potential claimants Jeffrey Stewart and Matthew Milton.

20. Jeffrey Stewart's exact condition is unknown at this time. However, on information and belief, Jeffrey Stewart may have sustained bodily injury allegedly caused by the events described in this Petition.

21. Matthew Milton's condition is unknown at this time. However, on information and belief, Matthew Milton may be lost at sea and/or presumed dead allegedly as a result of the events described in this Petition.

22. Upon information and belief, no known suits have been filed against Petitioner arising from the events of November 1, 2014.

23. To Petitioner's knowledge, Jeffrey Stewart may assert a claim against Petitioner for bodily injury allegedly caused by the events described in this Petition.

24. To Petitioner's knowledge, Matthew Milton, either individually or via his family, personal representative, and/or estate, may assert a claim against Petitioner for bodily injury and/or death allegedly caused by the events described in this Petition.

25. Pursuant to the provisions of Supplemental Rule F, this action is being filed within six (6) months of the date of notice of the incident described above.

26. Pursuant to Supplemental Rule F(2) and 46 U.S.C. §30501 *et seq.*, Petitioner seeks exoneration from or limitation of liability for any injuries, damages and losses of whatever description arising out of the aforesaid incident, or during the voyage or trip on which GLF ISLAMORADA's Vessel was engaged on November 1, 2014, and desires to contest the liability in the event claims are made.

27. GLF ISLAMORADA's interest in the Vessel post-casualty is $9,500.00. There was no pending freight. *See* Marine Surveyor Stewart Hutcheson's Supplemental Report of January 20, 2015 (copies of Mr. Hutcheson's Report of November 26, 2014 and Supplemental Report of January 20, 2015 are enclosed as composite Exhibit 1).

28. Subject to any appraisal of its interest upon reference, Petitioner herewith deposits with the Court, as security for the benefit of claimants, a Letter of Undertaking from Markel American Insurance Company in the sum of $9,500.00, plus interest at 6% per annum from November 1, 2014, said sum being the value of Petitioner's interest in the Vessel following the incident.

29. The Letter of Undertaking in support of the security amount is attached hereto as Exhibit 2.

30. The incident described above was not caused or contributed by any fault, negligence or lack of due care on the part of Petitioner.

31. Alternatively, the aforesaid incident was done, occasioned and incurred without the privity or knowledge of Petitioner.

32. Potential Claimants to this action include Jeffrey Stewart c/o Waks & Barnett, P.A., 9900 SW 107th Avenue, Miami, Florida 33176 and Matthew Milton c/o Munch & Munch, PA, 600 S. Magnolia Avenue, Suite 325, Tampa, Florida 33606 and Stanley Law Center, PO Box, 2132 Orlando, Florida 32802.

33. Petitioner claims exoneration from or limitation of liability for any and all property damage, personal injuries, and/or death caused by the subject incident involving the Vessel, and for any claims thereof.

34. Any claims arising from injuries, death, losses or damages caused by the incident described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioner, or anyone for whom Petitioner may be legally responsible, and Petitioner is entitled to exoneration from any liability for any such claims.

35. Petitioner, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. §30501 *et seq.*, and the various statutes supplemented thereto and amended thereof, and to that end, Petitioner has filed with the Court, as security for the benefits of Claimants, a letter of undertaking, with interest and sufficient security, for the amount of value of his interest in the Vessel, as provided for by Supplemental Rule F.  *See* Exhibit 2.

36. If it later appears that Petitioner may be liable and the amount or value of Petitioner's interest in the Vessel is not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statute, or by the Federal Rules of Civil Procedure and Supplemental Rule F.

37. In the event the Court determines there was negligence or other legal fault in the operation and/or use of the Vessel which contributed in any way to any alleged injuries, losses, or damages on the part any person, vessel or other claims arising from the November 1, 2014 incident, which negligence or other legal fault is denied by Petitioner, such negligence occurred wholly or in part without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. §30501 *et seq.*

38. Petitioner believes potential claims arising from this maritime incident would exceed the value of Petitioner's interest in the Vessel and pending freight (of which there was none) on the date of the incident at the end of the voyage.

39. The value of any claims made against Petitioner would exceed the amount it may be legally responsible for or required to pay under the applicable statutes governing exoneration from or limitation of liability.

40. By reason of the facts and circumstances set forth above, Petitioner claims the benefits of the provisions of 46 U.S.C. §30501 *et seq.* and Supplemental Rule F in this proceeding.

41. By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioner is entitled to limitation from any such liability pursuant to 46 U.S.C. §30505 *et seq.*

**WHEREFORE PETITIONER GLF ISLAMORADA, INC. PRAYS:**

A. For an Order:

    1. approving the above-described Letter of Undertaking filed with the Court by Petitioner, as security for the amount or value of Petitioner's interest in the Vessel, until such time the Court causes due appraisement to be made of the amount of the value of Petitioner's interest in the Vessel at the end of the aforesaid voyage; and

    2. directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident or during the voyage upon which the Vessel was engaged on November 1, 2014, citing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for GLF ISLAMORADA, INC. copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition; and

B. That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against GLF ISLAMORADA, INC. and/or the Vessel in respect of any claim or claims arising out of the incident on November 1, 2014, described above; and

C. For a Decree adjudging:

1. That neither GLF ISLAMORADA, INC. nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid incident of November 1, 2014, as above stated;

2. Or, if GLF ISLAMORADA, INC. shall be adjudicated liable, then that its liability be limited to the amount of the value of its interest in the Vessel at the time of the aforesaid incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging GLF ISLAMORADA, INC. from any and all further liability; and that GLF ISLAMORADA, INC. may have such other and further relief as the justice of the cause may require.

Respectfully submitted on March 12, 2015.

/s/ Richard McAlpin
RICHARD J. McALPIN
Florida Bar Number 438420
RMcAlpin@McAlpinConroy.com
KASSANDRA C. DOYLE
Florida Bar Number 68645
KDoyle@McAlpinConroy.com
*Counsel for Petitioner GLF Islamorada, Inc.*

McALPIN CONROY, P.A.
80 SW 8th Street, Suite 2805
Miami, Florida 33130
Telephone: 305-810-5400
Facsimile: 305-810-5401